UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, et al.,

　　　　Plaintiffs,

　　v.

STATE OF WASHINGTON, et al.,

　　　　Defendants.

CASE NO. CV 9213
Subproceeding No. 05-3

ORDER ON PENDING MOTIONS

This matter is before the Court for consideration of the motion to dismiss filed by the Suquamish Tribe ("Suquamish") and a motion for leave to file a cross-request for determination by the Swinomish Indian Tribal Community ("Swinomish"). The Court has reviewed the motions, the responses and replies, and relevant case documents. For the reasons set forth below, the Court now DENIES the motion to dismiss, and GRANTS the motion for leave to file a cross-request for determination.

**I. Motion to Dismiss**

In 1974, in language that lies at the heart of the current dispute, the Honorable George Boldt described the usual and accustomed fishing grounds ("U & A") of the Suquamish as follows:

> The usual and accustomed fishing places of the Suquamish Tribe include the marine waters of Puget Sound from the northern tip of Vashon Island to the Fraser River including Haro and Rosario Straits, the streams draining into the western side of this portion of Puget Sound and also Hood Canal.

ORDER - 1

<u>United States v. Washington</u>, 459 F. Supp. 1020, 1049 (1978).  A dispute has arisen among several Tribes concerning whether this language includes certain areas on the east side of Whidbey Island.  This request for determination ("Request") was filed by the Upper Skagit Indian Tribe ("Upper Skagit"), who ask the Court to determine that certain defined areas of Saratoga Passage and Skagit Bay are not within the Suquamish U & A as defined by Judge Boldt.

The Suquamish have moved to dismiss the Request for lack of jurisdiction and failure to state a claim, as well as under the doctrine of res judicata.  They argue that their U & A has been specifically determined, and that the Court does not now have jurisdiction under the permanent injunction in this case to alter or amend that determination.  They also assert that the Request fails to allege any cognizable legal theory justifying relief.  None of these arguments is persuasive.

Under Paragraph 25 of the permanent injunction in this case, as modified August 23, 1993, this Court retains jurisdiction to consider "[w]hether or not the actions intended or effected by any party . . . are in conformity with Final Decision # I or this injunction.; . . ."  The Request alleges that the Suquamish have been fishing for crab in certain areas on the east side of Whidbey Island that are within the Upper Skagit's own U & A, and that this action is not in conformity with Judge Boldt's determination of the Suquamish U & A because this area is not included within Puget Sound as Judge Boldt intended that term.  This Court therefore has jurisdiction under Paragraph 25 to consider this Request.

The Court agrees with Suquamish that the U & A determination is a final decision that cannot now be altered or amended.  It may, however, be clarified, as this Court has done on several prior occasions where Tribes have disagreed on the reach of the term "Puget Sound" as used by Judge Boldt in his various U & A determinations.  <u>Muckleshoot Indian Tribe, et al., v. Lummi</u>, 141 F. 3d 1355 (9th Cir. 1998) ("*Muckleshoot I*"); <u>Puyallup Indian Tribe, et al., v. Muckleshoot Indian Tribe</u>, 235 F. 3d 429 (9th Cir. 2000) ("*Muckleshoot III*").  Indeed, The Suquamish have themselves complained of the "maddening imprecision and inconsistency with which the Court, the parties, the witnesses, and the exhibits in this case have used the phrase 'Puget Sound.' "  Brief of Appellees in *Muckleshoot III*, Dkt. # 25, Exhibit A.

As there is sufficient ambiguity in Judge Boldt's use of the term "Puget Sound" in describing the

ORDER - 2

Suquamish U & A to require clarification, and there is at present a live controversy between the parties because of that ambiguity, the motion to dismiss the Request is DENIED.

## II. Motion for Leave to File a Cross-Request for Determination

The Swinomish have filed a motion for leave to file a cross-request for determination, pursuant to Paragraph 25(b)(4) of the permanent injunction. They assert that the term "Puget Sound" as used by Judge Boldt in describing the U & A of the Suquamish requires clarification, and they ask for a determination that certain waters on the east side of Whidbey Island were not included in that determination. The Suquamish, in response, contend that the cross-request is not ripe because the Swinomish did not follow the pre-litigation "meet and confer" procedures set forth in Paragraph 25. However, under Paragraph 25(b)(4), no specific requirement for a meet and confer is imposed upon a party seeking to file a cross-request. Instead, the party must seek leave of Court, which the Swinomish have done. While cross-requests are discouraged and leave to file them may often be denied, this case presents circumstances in which the cross-request is deemed appropriate. A clarification of the term "Puget Sound" in the Suquamish U & A will affect the Swinomish as it will the Upper Skagit. The Swinomish motion for leave to file a cross-request for determination is accordingly GRANTED.

## III. Motion to Strike.

In their reply on the motion to dismiss, the Suquamish move to strike the declaration of Barbara Lane, attached to the Upper Skagit's response to the motion to dismiss. The Suquamish contend that it is a conflict of interest for Dr. Lane to represent an opposing party and testify against her own testimony. Dr. Lane according to her declaration, however, prepared and submitted reports on all tribes except the Yakima. In order for there to be a conflict of interest the Suquamish must establish they had a confidential relationship with Dr. Lane. *Wyatt By and Through Rawlins v. Hanan*, 871 F. Supp. 415 (M.D. Ala 1994). The Suquamish do not claim there is one, nor does it appear likely this is the case given Dr. Lane's work with almost all the Tribes in *U.S. v. Washington*.

The Suquamish further argue that the declaration should be stricken because it is latter-day testimony that is inadmissible under *Muckleshoot I*. The Court agrees. The Ninth Circuit Court of Appeals held that the only relevant evidence in this type of subproceeding is what was before Judge Boldt

ORDER - 3

at the time of his decision. *Muckleshoot I*, 141 F.3d at 1359. Accordingly, the motion to strike the Declaration of Barbara Lane is GRANTED.

### IV. Motion for Summary Judgment and Motion to Strike.

The Upper Skagit filed a motion for summary judgment which was ripe for determination on September 2, 2005. The Suquamish, in response, moved to strike that motion as premature. As a determination on the merits of this matter will require the submission by the parties, and review by the Court, of evidence that was before Judge Boldt some thirty years ago, and that evidence has yet to be presented, the Court finds that the summary judgment motion is indeed premature. Accordingly, the Suquamish motion to strike (Dkt. # 40) is GRANTED, and the Upper Skagit motion for summary judgment (Dkt. # 22) is STRICKEN, without prejudice to re-filing at the proper time.

The Clerk shall now issue an Order directing the filing of a Joint Status Report.

DATED this ___6___ day of __September__, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4