UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, et al.,

    Plaintiffs,

    v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. CV 9213
Subproceeding No. 05-3

ORDER ON PENDING MOTIONS

This matter is before the Court for consideration of several motions which the Court deems appropriate for a ruling prior to the December 12, 2006 oral argument: the Suquamish motion to dismiss the Tulalip Tribes as a party to this action (Dkt. # 152), and several Tribes' motions to strike certain portions of one Suquamish reply brief, Dkt. # 175 (Dkt. ## 181, 182, 184). The Court finds it unnecessary to direct a response to the motions to strike. Having considered the motions and the responsive memoranda, the Court now finds and rules as follows:

(1) <u>Suquamish Motion to Dismiss Tulalip as a Party to this Subproceeding</u>

The Suquamish have moved to dismiss the Tulalip Tribes from this subproceeding, contending that their issues were already litigated in the dismissed subproceeding C05-04, and that participation here allows them a "third bite at the apple." The Court ruled in C05-04 that issues between the Tulalip and Suqamish Tribes had been conclusively resolved in prior proceedings, including a settlement, and that

ORDER ON PENDING MOTIONS - 1

those prior decisions, including a settlement, would not be re-visited.  That ruling does not mean that the Tulalip Tribes, as a party to this case, may not participate in this subproceeding.  It was the claims raised in C05-04 that were subject to dismissal, not the Tulalip Tribes themselves.  The Court can find no authority, even in Rule 21 as argued by the Suquamish, for dismissing a party to this case from any individual subproceeding.

The Suquamish motion to dismiss the Tulalip Tribes from this subproceeding is accordingly DENIED.

(2) <u>Motions to Strike</u>

The Port Gamble and Jamestown S'Klallam Tribes, the Tulalip Tribes, and the Upper Skagit Indian Tribe have all filed surreplies to one Suquamish reply, in which Suquamish invited the Court to expand the scope of this subproceeding to include the western boundary of the Suquamish U & A.[1]  Two of the surreplies were designated as motions to strike specific portions of the Suquamish reply in which the Suquamish discussed this option.  The Court finds it unnecessary to strike those portions of the reply, but also declines to expand the subproceeding as suggested.  The scope of this subproceeding remains as stated in the prior Order on clarification:

> This subproceeding is limited in scope to a determination as to whether the U & A of the Suquamish Tribe, as described by Judge Boldt, includes the subproceeding areas in Saratoga Passage and Skagit Bay, as set forth in the Request and Cross-Request for Determination.   This subproceeding will not define the term "Puget Sound" as used by Judge Boldt in describing any other U & A, nor for any purpose other than to resolve the issues between the requesting and responding Tribes named in this subproceeding.

Dkt. # 95, p. 2.

The Court notes the Suquamish argument that "[t]o properly define 'Puget Sound' in the context of this litigation, the Court must identify the geographic extent of 'Puget Sound' as it relates to Suquamish's determination.  This determination necessarily includes all exterior boundaries of 'Puget Sound'."  Suquamish Reply, Dkt. # 175, p.2.   This argument misapprehends the scope of this

---

[1] The Lower Elwha Klallam Tribe also objected to the Suquamish suggestion to expand the scope of this subproceeding, in a filing designated as  "joinder in opposition to motion for summary judgment" (Dkt. # 186).  As opposition to the Suquamish motion for summary judgment, this filing is untimely.  However, the substance of the argument presented relates to the Suquamish request to expand this subproceeding.  The Court has therefore considered this document as a joinder in the three surreplies.

ORDER ON PENDING MOTIONS - 2

subproceeding, which is to determine whether Saratoga Passage and Skagit Bay lie within the area described as the "marine waters of Puget Sound" from the northern tip of Vashon Island to the mouth of the Fraser River.  The western limits of the Suquamish U & A are not at issue in this subproceeding, and need not be determined in order to reach a decision on the eastern limits in the area at issue here.  While the Suquamish protest that so limiting this subproceeding may leave them open to multiple litigation, that fear is purely speculative.  To whatever extent there may be a dispute involving the Strait of Juan de Fuca or other areas to the west, that dispute has not been properly brought before the Court, and will not be considered in this subproceeding.  Nor will the Court attempt to arrive at a global definition of the term "Puget Sound," or determine the geographical extent of "Puget Sound," except as necessary to decide whether the subproceeding area is within the area described by Judge Boldt.

The motions to strike are accordingly DENIED as moot.

DATED this 4 day of December 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON PENDING MOTIONS - 3